UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZACARIAS MOUSSAOUI,<br><br>      Plaintiff,<br><br>-against-<br><br>JOE BIDEN; MERRICK GARLAND; CHRISTOPHER WRAY; LLOYD AUSTIN,<br><br>      Defendants. | 25-CV-0691 (JGK)<br><br>TRANSFER ORDER |

JOHN G. KOELTL, United States District Judge:

Plaintiff Zacarias Moussaoui, who is currently incarcerated in the United States Penitentiary, Administrative Maximum Facility (ADX) in Florence, Colorado, brings this complaint *pro se*. Plaintiff challenges the Special Administrative Measures (SAMs) that have been imposed on him on the grounds that they burden his free exercise of religion and that the conditions constitute cruel and unusual punishment. For the following reasons, this matter is transferred to the United States District Court for the District of Colorado.

## DISCUSSION

This application, which is styled as a civil rights complaint against former federal officials, challenges Plaintiff's SAMs. The SAMs are conditions of confinement established, pursuant to 28 C.F.R. § 501.3, by the United States Attorney General. *See, e.g., United States v. Hashimi*, 621 F. Supp. 2d 76, 79 (S.D.N.Y. 2008) (stating that SAMs restrictions govern an incarcerated individual's "conditions of confinement"). A federal prisoner's challenge to his conditions of confinement is properly brought in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (holding that challenges to the Bureau of

Prisons' execution of sentence is properly brought in a petition for a writ of *habeas corpus* pursuant to Section 2241).[1]

In order to entertain a Section 2241 *habeas corpus* petition, a court must have jurisdiction over the custodian. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) (holding that a writ of *habeas corpus* does not act upon the prisoner who seeks relief, but upon his or her custodian). Venue of a petition challenging a petitioner's physical confinement thus generally lies in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Venue for this challenge to Plaintiff's conditions of confinement arising from his SAMs restriction therefore lies in the district of his confinement. *See, e.g., U.S. v. Yousef*, No. 93-CR-0180 (KTD), 2011 WL 3422834, at *1 (S.D.N.Y. July 22, 2011) (holding that proper venue for petition challenging SAMs restrictions is the district where the petitioner is in custody); *Jabarah v. Garcia*, No. 08-CV-3592 (DC), 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) (holding that the proper venue to bring a Section 2241 petition challenging SAMs restrictions is the district of confinement); *see also Allen v. Lindsay*, No. 09-CV-1283, 2010 WL 5067907, at *2 (E.D.N.Y. Dec. 7, 2010) ("The proper venue for a Section 2241 *habeas* petition challenging the conditions of confinement is the district where the petitioner is confined" ((citations omitted)).

Petitioner is currently detained in Florence, Colorado, which is located in Fremont County, in the federal judicial District of Colorado. 28 U.S.C. § 85. Therefore, in the interest of

---

[1] A district court generally must notify a plaintiff that it intends to treat his complaint as a *habeas corpus* petition under 28 U.S.C. § 2241, and give him an opportunity to decline the conversion. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Here, even if the complaint is not recharacterized as a *habeas* petition, venue is proper in the United States District Court for the District of Colorado, under 28 U.S.C. § 1391(e)(1)(B), because it is the district where the events giving rise to the claims occurred. The Court therefore leaves to the transferee court the determination whether to recharacterize this complaint as a petition for a writ of *habeas corpus*.

2

justice, this Court transfers this matter to the United States District Court for the District of Colorado. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Colorado. This order closes the case in the Southern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] No summons shall issue from this court.

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  
New York, New York  
1/28/25

JOHN G. KOELTL  
United States District Judge

---

[2] Plaintiff has not paid filing fees or submitted a formal application to proceed *in forma pauperis*.

3